1          UNITED STATES DISTRICT COURT

2        EASTERN DISTRICT OF NEW YORK (BROOKLYN)

3    UNITED STATES OF AMERICA,
                                    Case No. 1:21-cr-00219-RPK-
4              Plaintiff,           PK-1

5    v.                             Brooklyn, New York
                                    August 25, 2022
6    WILLIE GARCON,                 10:06 a.m.

7              Defendant.

8

9        TRANSCRIPT OF ALLOCUTION AND CHANGE OF PLEA HEARING
               BEFORE THE HONORABLE PEGGY KUO
               UNITED STATES MAGISTRATE JUDGE
10

     APPEARANCES:
11   For the Plaintiff:            Laura A. Zuckerwise, Esq.
                                   Frank Turner Buford, Esq.
12                                 U.S. Attorney's Office
                                   271 Cadman Plaza East
13                                 Brooklyn, NY 11201

14   For the Defendant:           Kelley J. Sharkey, Esq.
                                   Attorney at Law
15                                 26 Court Street
                                   Suite 2805
16                                 Brooklyn, NY 11242

17   Clerk:                        Ryan O'Neil-Berven

18   Court Recorder:              Electronic Sound Recording

19   Transcription Service:       Chris Hwang
                                   Abba Reporting
20                                 PO Box 223282
                                   Chantilly, Virginia  20153
21                                 (518) 302-6772

22

23

     Proceedings recorded by electronic sound recording;
24   transcript produced by transcription service.

25

1                              **<u>INDEX</u>**

2

3    <u>EXHIBITS</u>                                    <u>OFFERED</u>    <u>RECD</u>

         Government's 1                              11        11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        (Call to order at 10:06 a.m.)

2        THE CLERK:  This is criminal cause for plea hearing

3  docket 21-CR-219, United States v. Will Garcon, Magistrate Judge

4  Peggy Kuo presiding.

5        Will the parties please state their appearances,

6  beginning with the Government?

7        MS. ZUCKERWISE:  Good morning, Your Honor.  Laura

8  Zuckerwise and Turner Buford for the Government.

9        MR. BUFORD:  Good morning, Your Honor.

10        THE COURT:  Good morning.

11        MS. SHARKEY:  Good morning, Your Honor, Kelley Sharkey

12  for Willie Garcon.

13        THE COURT:  All right.

14        THE DEFENDANT:  Good morning, Your Honor, Willie

15  Garcon.

16        THE COURT:  Good morning.  Please be seated.  All

17  right, before we get started, are there any issues that either

18  party needs to bring up?

19        MS. ZUCKERWISE:  No.

20        MS. SHARKEY:  No, Your Honor.

21        THE COURT:  All right.  So, good morning, Mr. Garcon.

22  I want to start by letting you know that you have a right to

23  have your guilty plea heard by a district judge in this case.

24  It would be Judge Rachel Kovner.  She's also the judge who would

25  sentence you.

1          Instead of having Judge Kovner handle the plea today,

2   you could waive that right and have a magistrate judge handle

3   it.  That's me.

4          It doesn't matter to me and Judge Kovner who you

5   decide you would like to have handle your plea.  It's completely

6   up to you.

7          Would you like me to handle it or would you like Judge

8   Kovner?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Yes, you would like me to handle it?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Okay, that's fine.  And I see here, Ms.

13   Sharkey, that there is a signed consent to have a magistrate

14   judge take the plea?

15          MS. SHARKEY:  Yes, Your Honor.

16          THE COURT:  Ms. Zuckerwise, it looks like you signed

17   this as well?

18          MS. ZUCKERWISE:  Yes, Your Honor.

19          THE COURT:  Okay.  Good, so now let's proceed.  Mr.

20   Garcon, your lawyer informs me that you wish to enter a plea

21   today --

22          THE DEFENDANT:  Oh, yeah.

23          THE COURT:  -- pursuant to an agreement with the

24   Government.

25          A plea is a serious decision and I need to make sure

1   that you understand the rights that you'll be giving up and the

2   potential consequences of your plea before you make this

3   important decision.

4         I'm going to ask you some questions.  I'd like your

5   answers to be under oath.  So if you could still -- please stand

6   and raise your right hand?

7      (The Defendant is sworn.)

8               THE CLERK:  Thank you.

9               THE COURT:  All right, thank you.  Mr. Garcon, now

10  that you have sworn to tell the truth, you must tell the truth.

11  If you were to deliberately lie in response to any of my

12  questions, you could face additional criminal prosecution for

13  perjury and making a false statement.

14        At any such prosecution, the statements you make can

15  be used against you.  Do you understand?

16              THE DEFENDANT:  Yes.

17              THE COURT:  If I say anything today that you want me

18  to repeat or explain or if you want a moment to talk to your

19  lawyer, please let me know.

20        It's important that you understand everything we're

21  doing today, okay?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Let's start with the -- some preliminary

24  questions.  Can you state your full name, please?

25              THE DEFENDANT:  Willie Garcon.

1          THE COURT:  How old are you?

2          THE DEFENDANT:  I'm 52.

3          THE COURT:  Okay, and how far did you go in school?

4          THE DEFENDANT:  College graduate.

5          THE COURT:  Okay.  Have you had any problems

6    communicating with Ms. Sharkey?

7          THE DEFENDANT:  No.

8          THE COURT:  Are you now or have you recently been

9    under the care of a doctor or psychiatrist for any reason?

10          THE DEFENDANT:  No.

11          THE COURT:  Are you taking any medications?

12          THE DEFENDANT:  Just medicine.

13          THE COURT:  Okay, and is that affecting your ability

14    to understand what's happening today?

15          THE DEFENDANT:  No.

16          THE COURT:  Have you had any alcohol or taken any

17    drugs in the last 24 hours?

18          THE DEFENDANT:  No.

19          THE COURT:  As you sit here today, is your mind clear?

20          THE DEFENDANT:  Yes.

21          THE COURT:  All right, so Ms. Sharkey, have you had

22    any problems communicating with Mr. Garcon?

23          MS. SHARKEY:  I have not, Your Honor.

24          THE COURT:  In your view, is he capable of

25    understanding the nature of the charge?

1          MS. SHARKEY:  He is.

2          THE COURT:  Did you discuss the charge with him and

3    what it means to plead guilty?

4          MS. SHARKEY:  I have.

5          THE COURT:  In your view, does he understand the

6    rights that he'll be waiving by pleading guilty?

7          MS. SHARKEY:  He does.

8          THE COURT:  Do you have any concern or doubt about his

9    competence to plead here today?

10         MS. SHARKEY:  I do not.

11         THE COURT:  Have you advised him of the maximum

12   sentence and fine that can be imposed as a result of his plea?

13         MS. SHARKEY:  I have.

14         THE COURT:  And have you discussed with him how the

15   Sentencing Guidelines operate?

16         MS. SHARKEY:  Yes.

17         THE COURT:  All right.  Thank you.

18         Mr. Garcon, have you had enough time to talk to your

19   lawyer about your case?

20         THE DEFENDANT:  Yes.

21         THE COURT:  And are you satisfied with the assistance

22   that Ms. Sharkey has provided?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Did you receive a copy of the indictment

25   in this case?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And did you discuss the charge in the

3    indictment with your lawyer?

4          THE DEFENDANT:  Yes.

5          THE COURT:  As I understand it, you're seeking today

6    to plead guilty to Count 1 of the indictment.  And that is a

7    charge of Access Device Fraud.

8          The indictment charges that in or about in between

9    August 2019 and May 2020, within the Eastern District of New

10   York and elsewhere, you did knowingly and with intent to defraud

11   affect transactions with one or more access devices, that is,

12   credit and debit cards.

13         And these are issued to another person or persons in a

14   manner affecting interstate commerce and by such conduct did

15   receive payment and one or more things of value aggregating

16   $1,000 or more during a one-year period.

17         Do you understand that's what you were charged with

18   and what you'll be pleading guilty to today?

19         THE DEFENDANT:  Yes.

20         THE COURT:  All right.  So let's turn now to your

21   rights.  By pleading guilty, you'll be giving up some very

22   valuable rights.  And I want to make sure you understand them

23   before you make your decision.

24         You have a right under the Constitution and laws of

25   the United States to a speedy and public trial before a jury.

1    Do you understand?

2             THE DEFENDANT:  Yes.

3             THE COURT:  You have the right to the assistance of an

4    attorney for your defense at any trial and at all stages of the

5    proceedings.

6             If you could not afford an attorney, the Court would

7    appoint someone for you.  Do you understand?

8             THE DEFENDANT:  Yes.

9             THE COURT:  You have the right to plead not guilty and

10   to persist in that plea.  Do you understand?

11            THE DEFENDANT:  Yes.

12            THE COURT:  At trial, you would be presumed innocent.

13   You would not have to prove anything, including your innocence.

14            The burden is with the Government to present proof

15   that convinces a jury beyond a reasonable doubt that you're

16   guilty.

17            If the Government fails to meet this burden of proof,

18   the jury would have to find you not guilty.

19            Any verdict by the jury, whether guilty or not guilty,

20   would have to be unanimous, which means that all 12 members of

21   the jury would have to agree.  Do you understand?

22            THE DEFENDANT:  Yes.

23            THE COURT:  At trial, witnesses for the Government

24   would have to come to court and testify in your presence.  Your

25   lawyer could cross-examine these witnesses and raise legal

1   objections to the Government's evidence.  She could offer

2   evidence on your behalf that might help you in your case.

3           If you thought there were witnesses out there who

4   could help you, but who did not want to come to Court and

5   testify, your lawyer could ask the Court to make those witnesses

6   come to Court and testify in your defense.  Do you understand?

7           THE DEFENDANT:  Yes.

8           THE COURT:  At trial, you would have the right to

9   testify on your own on behalf, but you -- if you wanted to, but

10  you could not be forced to.

11          This is because under the Constitution and laws of the

12  United States, nobody can be compelled to be a witness against

13  himself.

14          So if you wanted to go to trial, but chose not to

15  testify, the judge would instruct the jury that they could not

16  hold that against you.  Do you understand?

17          THE DEFENDANT:  Yes.

18          THE COURT:  If instead of going to trial, you plead

19  guilty to the crime charged, and if your guilty plea is

20  accepted, you'll be giving up your right to a trial and all the

21  other rights I have just described.

22          There will be no trial in this case.  You will stand

23  convicted of the crime to which you're pleading guilty just as

24  if a jury found you guilty.  Do you understand?

25          THE DEFENDANT:  Yes.

1    THE COURT:  If you do plead guilty, I will have to ask

2    you certain questions about what you did in order to satisfy

3    myself that you are in fact guilty of the charge.

4         You will have to answer my questions and acknowledge

5    your guilt.  This means that you will be giving up your right

6    not to incriminate yourself.  Do you understand?

7         THE DEFENDANT:  Yes.

8         THE COURT:  Are you willing to give up your right to a

9    trial and all the other rights I've just described?

10        THE DEFENDANT:  Yes.

11        THE COURT:  All right, thank you.  So I will turn now

12   to the written agreement that you entered into with the

13   Government.  Going to have this agreement marked as Government's

14   Exhibit 1 and ask you to take a look at it.

15      (Government's Exhibit 1 marked into evidence)

16        MS. ZUCKERWISE:  We -- I have a copy of this.  Okay.

17        THE COURT:  So, Mr. Garcon, have you seen that

18   document before?

19        THE DEFENDANT:  Yes.

20        THE COURT:  Did you have a chance to read it?

21        THE DEFENDANT:  Yes.

22        THE COURT:  And did you have a chance to talk to Ms.

23   Sharkey about it?

24        THE DEFENDANT:  Yes.

25        THE COURT:  Do you understand what it says?

1          THE DEFENDANT:  Yes.

2          THE COURT:  If you look at the last page, can you tell

3   me if that is your signature?

4          THE DEFENDANT:  Yes.

5          THE COURT:  By signing the agreement, do you agree to

6   be bound by all the terms of the agreement?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Does the agreement contain all the

9   promises made between the Government and you in exchange for

10  your plea of guilty?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Has anyone made any other promise that is

13  causing you to plead guilty other than the promises in that

14  agreement?

15         THE DEFENDANT:  No.

16         THE COURT:  And has anybody made any promise to you as

17  to what your sentence will be?

18         THE DEFENDANT:  No.

19         THE COURT:  All right, thank you.

20         Ms. Sharkey, did you discuss the agreement with Mr.

21  Garcon?

22         MS. SHARKEY:  More than once, Your Honor.

23         THE COURT:  Okay, and do you believe he fully

24  understands the terms of the agreement?

25         MS. SHARKEY:  I do.

1          THE COURT:  Did you sign it?

2          MS. SHARKEY:  Yes.

3          THE COURT:  Did Mr. Garcon sign it in your presence?

4          MS. SHARKEY:  Yes.

5          THE COURT:  Does the agreement contain all the

6    promises made between the Government and Mr. Garcon in exchange

7    for his plea of guilty?

8          MS. SHARKEY:  Yes.

9          THE COURT:  All right, thank you.

10          And Ms. Zuckerwise, did you sign the agreement?

11          MS. ZUCKERWISE:  Yes, Your Honor.

12          THE COURT:  Did your supervisor sign it?

13          MS. ZUCKERWISE:  Yes, Your Honor.

14          THE COURT:  Does the agreement contain all the

15    promises made between the Government and the Defendant in

16    exchange for his plea of guilty?

17          MS. ZUCKERWISE:  It does, Your Honor.

18          THE COURT:  All right, thank you.

19          Mr. Garcon, I'm going to turn now the consequences of

20    pleading guilty to the charge of Access Device Fraud.  This

21    charge, which is a violation of 18 United States Code

22    §1029(a)(5), carries the following potential penalties.

23          There's no minimum term of imprisonment.  There's a 15

24    max -- 15-year maximum term of imprisonment.

25          In federal prison, there used to be a system called

1    parole, which meant that if you -- that you could be sentenced

2    to some amount of time in prison, but it was possible that you

3    would be released early depending on the decision of a parole

4    board.

5           Even though parole still exists in some states, it

6    doesn't exist anymore in the federal system.  This means that if

7    you are sentenced to prison, you will not be released on parole.

8    Do you understand the maximum -- the potential consequences in

9    terms of prison time for you?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Following any prison term, a maximum term

12   of three years of Supervised Release could be imposed.

13          Under Supervised Release, you will be free.  However,

14   you must abide by certain restrictions and requirements and you

15   will have to report to and be supervised by the Probation

16   Department.

17          If you violate any of the terms of Supervised Release

18   such as committing another crime, testing positive for drugs, or

19   any other condition that is imposed, you could receive an

20   additional term of incarceration of up to two years without

21   credit for time served in prison or on post-release supervision.

22   Do you understand?

23          THE DEFENDANT:  Yes.

24          THE COURT:  You may also be subject to a monetary fine

25   in this case a maximum fine of the greater of $250,000 or twice

1    the gross gain or twice the gross loss, depending on your

2    ability to pay.

3         Restitution is mandatory in the full amount of each

4    victim's losses.  And this is something that the Court will

5    determine.

6         There is a special assessment of $100.  This is a

7    condition of your sentence that must be imposed.

8         In addition, you are required to forfeit any property

9    involved with the offense and any property traceable to that

10   property.  In the agreement with the Government, you agreed to

11   the entry of a forfeiture money judgment in the amount of

12   $6,489.

13        And this must be paid at least 30 days before your

14   sentencing.  Do you understand?

15             THE DEFENDANT:  Yes.

16             THE COURT:  In addition, if you are not a citizen of

17   the United States, another consequence of pleading guilty may be

18   that you're deported from the country and will be forbidden from

19   re-entering the country without the permission of the Attorney

20   General or some other authority.  And you could be denied

21   citizenship.

22        Removal on other immigration consequences will be the

23   subject of a separate proceeding.  No one, including your lawyer

24   or the Court, can predict with certainty the effect of your

25   conviction on your immigration status.

1          But if you're not a citizen, you should presume or you

2     should assume that you will be deported following conviction by

3     trial or guilty plea.

4          Do you understand that there may be immigration

5     consequences to your guilty plea if you're not a citizen?

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.  Do you understand all the

8     consequences of pleading guilty that I've just described to you?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Let's turn now to sentencing.  If you do

11    plead guilty, District Judge Rachel Kovner will sentence you.

12    I'll briefly review how Judge Kovner will determine your

13    sentence when the time comes.

14         Did you have a chance to talk to Ms. Sharkey about

15    sentencing?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Ms. Sharkey, did you discuss with Mr.

18    Garcon how Judge Kovner will likely use the statutory penalties,

19    the Sentencing Guidelines, and the 3553 factors to arrive at an

20    appropriate sentence?

21         MS. SHARKEY:  Yes.

22         THE COURT:  In your view, does Mr. Garcon understand

23    the process that Judge Kovner will use to arrive at a sentence?

24         MS. SHARKEY:  Yes.

25         THE COURT:  All right.  Thank you.

1          MS. SHARKEY:  Thank you.

2          THE COURT:  Mr. Garcon, the crime to which you're

3   pleading guilty carries the potential consequences I've

4   described a moment ago.

5          To determine what your sentence actually will be,

6   Judge Kovner must consider something called the Sentencing

7   Guidelines.

8          They are just that.  They are a guide to help the

9   Court determine whether there should be a prison term and if so

10  for how long, whether Supervised Release should be imposed, and

11  whether there should be a fine.  The Guidelines are not

12  mandatory, but the Court is required to consider them.

13         Ms. Zuckerwise, can you state on the record what the

14  Government estimates to be the range of the sentence under the

15  Sentencing Guidelines?

16         MS. ZUCKERWISE:  Yes, Your Honor.  The Government

17  estimates the range to be zero to six months.

18         THE COURT:  Okay.

19         And Ms. Sharkey, is there any disagreement with that

20  estimate that you want to put on the record?

21         MS. SHARKEY:  No, Judge.

22         THE COURT:  Thank you.

23         Mr. Garcon, I want to emphasize that what the

24  Government just described is an estimate based on what the

25  Government knows today.

1    Even if you're sentenced to something different from

2    what the Government has estimated the Sentencing Guideline range

3    will be, you will not allowed to withdraw your plea of guilty.

4    Do you understand?

5            THE DEFENDANT:  Yes.

6            THE COURT:  The Government's estimate is also not

7    binding on Judge Kovner.  Judge Kovner will do her own

8    Sentencing Guideline calculation.  And that is the calculation

9    that will be used at sentencing.

10           The Sentencing Guidelines themselves allow a judge in

11   some circumstances to depart upward or downward from the

12   advisory Guideline range.

13           In addition, the law also requires the judge to

14   consider another set of factors, which include the seriousness

15   of the crime you committed, your history and background, the

16   need for punishment, and the need to deter you and others from

17   committing crimes.  These are called the 3553 factors.

18           After taking all these things into consideration,

19   Judge Kovner may sentence you to something higher or lower than

20   the range called for by the advisory Sentencing Guidelines.  Do

21   you understand?

22           THE DEFENDANT:  Yes.

23           THE COURT:  The important thing for you to know at

24   this point is that until you are sentenced, no one can tell you

25   exactly what your sentence will be, not your lawyer, not the

1    Government, not me, and not Judge Kovner.  Do you understand?

2                    THE DEFENDANT:  Yes.

3                    THE COURT:  Okay.  To help calculate the Guideline

4    applicable to your case and evaluate the 3553 factors, Judge

5    Kovner will get a Pre-Sentence Report from Probation.  The

6    report will be about you, your history and background, the

7    charge, and other relevant matters.

8                    The Probation Department will do its own Guideline

9    calculation.  And will also recommend a sentence that it

10   believes is appropriate.

11                   You and your lawyer, as well as the Government, will

12   have an opportunity to see the report and Probation's Guideline

13   calculations, and to challenge it in any way.  Do you

14   understand?

15                   THE DEFENDANT:  Yes.

16                   THE COURT:  Judge Kovner will then hold a sentencing

17   hearing.  Your lawyer and the Government may provide -- present

18   arguments, witnesses, and evidence on any sentencing issue.

19                   You may bring family and friends to Court to support

20   you.  You will also have a chance to tell Judge Kovner anything

21   you want before she sentences you.  Do you understand?

22                   THE DEFENDANT:  Yes.

23                   THE COURT:  Judge Kovner will use the Pre-Sentence

24   Report and all the other information, recommendations, and

25   arguments that she receives, so she can calculate and consider

 1    the applicable Guideline range, weigh the 3553 factors, and

 2    determine your sentence, do you understand?

 3              THE DEFENDANT:  Yes.

 4              THE COURT:  Under some circumstances, you or the

 5    Government may have the right to appeal any sentence imposed on

 6    you.

 7              You may also appeal your conviction, if you believe

 8    that your guilty plea today was somehow unlawful or involuntary

 9    and there was -- or if there was some other fundamental defect

10    in these proceedings.

11              There are also other ways for you to collaterally

12    challenge your sentence or conviction by filing a petition with

13    the Court.  Do you understand?

14              THE DEFENDANT:  Yes.

15              THE COURT:  In the agreement that you signed with the

16    Government, however, you agreed that you will not file an appeal

17    or otherwise challenge your conviction or sentence, so long as

18    the Court imposes a term of imprisonment of six months or less.

19              Do you understand that's what you agreed to?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Has anyone forced you or threatened you to

22    make you waive your rights or -- your rights to appeal or other

23    rights?

24              THE DEFENDANT:  No.

25              THE COURT:  And as I understand it in the agreement,

1    the Government agrees to dismiss Count 2 of the indictment,

2    Aggravated Identity Theft, and also not to bring additional

3    criminal charges for the facts described in the indictment.

4              Ms. Zuckerwise, is there anything else?

5              MS. ZUCKERWISE:  Nothing else, Your Honor.

6              THE COURT:  All right.  And Ms. Sharkey, do you know

7    of any reason why Mr. Garcon should not plead guilty?

8              MS. SHARKEY:  I do not, Judge.

9              THE COURT:  And do you -- are you aware of any viable

10   legal defense to the charge?

11             MS. SHARKEY:  No.

12             THE COURT:  Thank you.

13             Mr. Garcon, do you have any questions you would like

14   to ask me about your rights, the charge, the agreement, or

15   anything else before we proceed?

16             THE DEFENDANT:  No, Your Honor.

17             THE COURT:  All right, are you ready to plea at this

18   time?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Mr. Garcon, what is your plea to

21   committing access device fraud, guilty or not guilty?

22             THE DEFENDANT:  Guilty.

23             THE COURT:  Are you making this plea of guilty

24   voluntarily and of your own free will?

25             THE DEFENDANT:  Yes.

1    THE COURT:  Has anyone threatened or forced you to

2    plead guilty?

3    THE DEFENDANT:  No.

4    THE COURT:  Has anyone made any promise to you as to

5    what your sentence will be?

6    THE DEFENDANT:  No.

7    THE COURT:  I read a portion of the indictment to you

8    a few minutes ago.  And now I want you to tell me in your own

9    words what you did between August 2019 and May 2020 to commit

10   access device fraud?

11   THE DEFENDANT:  I agreed to create cards access

12   device.  And second of all, I took and used other people's

13   credit cards.  Within a one-year period, I obtained and things

14   of value over $1,000.

15   And I did so knowingly with intent to defraud the

16   rightful owner.  And I understand that affect interstate and

17   foreign commerce.

18   THE COURT:  Okay, and did you have permission from the

19   owners of the credit cards to use them?

20   THE DEFENDANT:  No.

21   THE COURT:  Ms. Zuckerwise, is there anything else?

22   MS. ZUCKERWISE:  Your Honor, some of this, the

23   Government would ask if the Defendant would agree that some of

24   this conduct occurred in Brooklyn and again within the period,

25   August 2019 through May 2020.

1          THE COURT:  Okay.

2          THE DEFENDANT:  Yes.

3          THE COURT:  Okay, you are in Brooklyn --

4          THE DEFENDANT:  Yes.

5          THE COURT:  -- when you did these things?

6          THE DEFENDANT:  Uh-huh.

7          THE COURT:  Okay, and the time period was between

8    August 2019 and May 2020, is that --

9          THE DEFENDANT:  Yes.

10          THE COURT:  Okay.  Anything else?

11          MS. ZUCKERWISE:  Nothing from the Government, Your

12    Honor.

13          THE COURT:  All right, Ms. Sharkey, is there anything

14    else I need to go over?

15          MS. SHARKEY:  No, thank you, Judge.

16          THE COURT:  All right, thank you.

17          Mr. Garcon, based on the information that's been given

18    to me, I find that you're fully competent and capable of

19    entering an informed plea, that you are acting voluntarily, and

20    that you fully understand the charge, your rights, and the

21    consequences of your plea.

22          I also find that there is a factual basis for your

23    plea.  I will therefore recommend that your plea of guilty to

24    access device fraud be accepted.

25          The next step, Mr. Garcon, is that you'll meet with

1   somebody from the Probation Department, so they can prepare the

2   Pre-sentence Report that I described.

3           I urge you to cooperate with them obviously with your

4   lawyer's advice.  You must be truthful and forthcoming with

5   them.

6           Judge Kovner has sent a sentencing for December 13th

7   at 2:00 p.m.  Ms. Zuckerwise, is there anything else?

8           MS. ZUCKERWISE:  Not from the Defense, Judge.  Thank

9   you very much.

10          THE COURT:  All right, thank you.

11          Ms. Sharkey?

12          MS. SHARKEY:  Nothing from the Government, Your Honor.

13          THE COURT:  Okay, thank you, everybody.  And thank

14  you, Mr. Garcon.

15      (Proceedings concluded at 10:28 a.m.)

16

17

18

19

20

21

22

23

24

25

1                              **CERTIFICATE**

2

3

4          I, Chris Hwang, court approved transcriber, certify

5     that the foregoing is a correct transcript from the official

6     electronic sound recording of the proceedings in the above-

7     entitled matter.

8

9

10

11

12

13     _____          September 26, 2022

14     Chris Hwang                   Date

15     Court Reporter

16

17

18

19

20

21

22

23

24

25